IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| HECTOR TAMEZ | § | |
| VS. | § | CIVIL ACTION NO. 1:22-cv-69 |
| TDCJ-CID | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Hector Tamez, proceeding *pro se*, filed this civil rights lawsuit. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Procedural Background

On July 7, 2022, the court entered a Preliminary Filing Fee Order (Doc. #4.) directing Plaintiff to either pay the $402 filing fee or submit a properly certified Application to Proceed *in Forma Pauperis* showing deposits into his inmate trust account during the preceding six month period. Plaintiff was given 30 days to comply with the court's order. The time for complying with the order has expired. However, Plaintiff has not complied with the court's order or otherwise contacted the court.

### Discussion

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)).

By failing to comply with the order described above, Plaintiff has failed to diligently prosecute this matter. As a result, this case should be dismissed without prejudice for want of prosecution.

Recommendation

This civil rights lawsuit should be dismissed without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this the 12th day of October, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE